# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

No. 16-60561

ROGERS VANN, As Personal Representative and on Behalf of the Wrongful Death Beneficiaries of Jeremy W. Vann,

>     Plaintiff – Appellant,

v.

CITY OF SOUTHAVEN, MISSISSIPPI; LIEUTENANT JORDAN JONES, Individually and in His Official Capacity as a Police Officer; SERGEANT BRETT YOAKUM, Individually and in His Official Capacity as a Police Officer; POLICE CHIEF TOM LONG, Individually and in His Official Capacity as a Police Officer and Chief of Police; SERGEANT JEFF LOGAN, Individually and in His Official Capacity as a Police Officer,

>     Defendants – Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi

ON PETITION FOR REHEARING

Before SMITH, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

Treating the petition for rehearing *en banc* as a petition for panel rehearing, the petition for panel rehearing is GRANTED. The panel opinion, *Vann v. City of Southaven*, 876 F.3d 133 (5th Cir. 2017), is WITHDRAWN, and the following is substituted:

No. 16-60561

This lawsuit arises from the death of Jeremy W. Vann, who was shot and killed by police in a retail parking lot in Southaven, Mississippi during a small-scale drug sting operation.  During the encounter, Vann was shot by two officers, Sergeant Jeff Logan and Lieutenant Jordan Jones.  Plaintiff sued the officers involved and the City of Southaven under 42 U.S.C. § 1983, claiming that the officers violated Vann's Fourth Amendment right to be free from unreasonable seizure, excessive force, and deadly force, and that the City had failed properly to train its officers and had permitted an official practice or custom that violated the constitutional rights of the public at large.  The officers and the City simultaneously moved for summary judgment.[1]  The district court granted the officers' and the City's summary-judgment motion.

"This court reviews de novo the district court's resolution of legal issues on a motion for summary judgment on the basis of qualified immunity." *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (quoting *Griggs v. Brewer*, 841 F.3d 308, 311 (5th Cir. 2016)).  Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting *Griggs*, 841 F.3d at 311–12); *see also McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (en banc).  "[W]e view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Hanks*, 853 F.3d at 743 (quoting *Griggs*, 841 F.3d at 312); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) ("Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant . . . .").

"A qualified immunity defense alters the usual summary judgment burden of proof.  Once an official pleads the defense, the burden then shifts to

---

[1] The City and the officers were and continue to be represented by the same counsel in single briefs and motions.

the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Hanks*, 853 F.3d at 744 (citation omitted) (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).

With respect to Jones, one of the two officers who shot Vann, it is undisputed that Jones shot Vann after his colleague, Logan, was knocked to the ground by Vann's car and as Vann's car approached Logan for a second time. Under these circumstances, Jones's use of force did not violate clearly established law.

With respect to Logan, the other officer who shot Vann, even assuming *arguendo* that Logan used excessive force, the question then becomes, was there law that put Logan on notice that shooting in the situation presented violated the constitution? It is the plaintiff's burden to find a case in his favor that does not define the law at a "high level of generality." *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016). In the district court, Plaintiff, Vann's representative, cited nary a pre-existing or precedential case. That alone dooms his case here. *See id.* at 733 (granting qualified immunity even though the defendant did not cite any cases in his favor to the district court because plaintiffs bears the burden of showing specific law on point). Even on appeal, Plaintiff fails to cite a case on point from this court or the Supreme Court that helps his case, instead relying on an out-of-circuit case.

Accordingly, we AFFIRM the district court's grant of summary judgment to Jones, Logan, Yoakum, and Long. In addition, finding no error in the district court's analysis regarding the City, we AFFIRM the district court's grant of summary judgment to the City of Southaven.