# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10935

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2018

Lyle W. Cayce
Clerk

DAVID B. COLLIE,

      Plaintiff - Appellant

v.

HUGO BARRON,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-211

Before STEWART, Chief Judge, and JONES and ENGELHARDT, Circuit Judges.

PER CURIAM:*

      This appeal addresses the alleged use of excessive force when an off-duty policeman shot Plaintiff-Appellant David Collie ("Collie") during the response to a robbery call. The district court granted the officer's motion for summary judgment on the basis of qualified immunity and dismissed the claims against him. Although this tragic case exemplifies an individual's being in the wrong place at the wrong time, under current governing law, we must AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10935

## I.

On the night of July 27, 2016, Officer Hugo Barron ("Barron") and his colleague Deputy Vanessa Flores were working a 7 p.m. to 3 a.m. shift patrolling a private apartment complex at 3000 Las Vegas Trail in Fort Worth, Texas. This part-time work was sanctioned by the police department, and Barron and Flores were both wearing their police uniforms, driving a marked patrol car, and monitoring the local dispatch alerts.

Just before midnight, a robbery was reported at a gas station three blocks from where Barron and Flores were working. The two suspects fled on foot toward a nearby apartment complex. The Fort Worth Police Department issued an alert across the police radios and in-car computers. The report advised the two black men were shirtless and one was armed with a silver gun. The report stated in full:

> ACTORS ARE 2 BM'S WHO LEFT ON FOOT TO AN APT COM[P]LEX ON NORMANDALE. CP HAD MET THESE ACTORS ON FACEBOOK TO BUY SHOES. ACTORS BM NO SHIRT BASKETBALL SHIRT AND BM NO SHIRT KHAKI PANTS. 1 ACTOR HAD A SMALL SILVER HANDGUN ... MEDSTAR REF.

Barron and Flores responded to the call and began searching the area. They pulled into a nearby apartment complex where Collie, wearing shorts and no shirt, was walking.

According to Officer Barron, although the area was lit by a nearby street light and the beam of his headlights, it was still relatively dark. Because Collie fit the description of one of the suspects, and Officer Barron knew one robber was armed, Barron drew his handgun. There is no audio of the encounter. Collie claims the officers were calling conflicting commands. Barron's affidavit states, and video confirms, that Collie continued to walk away from the officers with his hands in his pockets. Officer Barron stated that when Collie removed

2

No. 17-10935

his hand from his pocket and swung it upward and over in the direction of Officer Flores, he thought he saw the glint of a gun.  Officer Barron fired two shots, one of which struck Collie, who immediately fell to the ground.  Collie had no gun, but a silver box cutter was retrieved from the grass nearby. The bullet left Collie paralyzed from the waist down.

Collie sued Fort Worth Police Department Officers Barron, Harrington, and Rohloff; Chief of Police Fitzgerald; Tarrant County Sheriff's Deputy Vanessa Flores; the City of Fort Worth; Tarrant County; and 11 Doe Defendants.  Collie voluntarily dismissed his claims against Deputy Flores and the Chief of Police, and the district court dismissed all remaining claims except for the excessive force claim against Officer Barron.  Officer Barron moved to stay the civil proceeding while the grand jury deliberated on the possibility of criminal action.  The court denied the request for a stay, but did grant a stay on discovery to allow Officer Barron to move for summary judgment on the ground of qualified immunity.  The district court granted Officer Barron's motion, and Collie appeals the decision and the district court's denial of discovery before summary judgment.

## II.

This court reviews a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-movant.  *Cantrell v. City of Murphy*, 666 F.3d 911, 922 (5th Cir. 2012) (citation omitted). Judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (citation omitted).  In cases where qualified immunity is raised as a defense "the burden shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law."  *Id.* at 744 (internal quotation marks and citation omitted).

3

No. 17-10935

A denial of the right to take discovery before entering summary judgment is reviewed for abuse of discretion. *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993).

### III.

Qualified immunity is a defense available to government officials to provide them some shield from "undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S. Ct. 2727, 2732 (1982). A plaintiff must show that an official (1) violated a clearly established constitutional right, and (2) "that right was clearly established at the time of the misconduct[.]" *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

Under the first prong,[1] claims of excessive force made against law enforcement officers are subject to the Fourth Amendment's "reasonableness" standard, which calls for "a careful balancing of the nature and quality of the intrusion . . . against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989) (internal quotation marks and citations omitted). There is no doubt that innocent citizens have a clearly established right not to be shot by police officers, but the questions for summary judgment purposes are whether the officer acted "unreasonably" under the circumstances, and whether reasonable officers could differ on the lawfulness of an officer's actions. *Mullenix v. Luna,* 136 S. Ct. 305, 308 (2015).

### A.    Officer Barron's actions were objectively reasonable.

Collie argues that under the first prong of the qualified immunity defense, there is a genuine, material fact issue that Officer Barron violated his

---

[1] The two-pronged inquiry may be conducted in any sequence. *Manis*, 585 F.3d at 843 (citations omitted).

Fourth Amendment right to be free of objectively unreasonable excessive force. A plaintiff must show "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness . . . was clearly unreasonable." *Manis*, 585 F.3d at 843 (internal quotation marks and citations omitted). Collie attempts to rely on his own affidavit and the testimony of his expert witness in photogrammetry to argue that there is a genuine dispute over the reasonableness of Officer Barron's action. Based on these pieces of evidence, Collie asserts that, contrary to the officer's affidavit, he did not point directly at Flores, and he was not holding a box-cutter when he was shot. Even if Collie's evidence is accurate, however, it would not preclude summary judgment. The district court noted that Collie did not "dispute that he kept moving or that he raised and pointed his arm," and the dash cam footage supports those facts. Because "the test is whether Barron acted reasonably in light of what he perceived," and "both Flores and Barron perceived" that Collie had a gun (as supported by Collie's concession), the district court correctly viewed his proffer as immaterial to the constitutional issue.

Collie renews his objection on appeal that reality trumps Barron's perception, and disputed interpretations of the dash cam video create genuine issues that should preclude summary judgment. But in *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769, 1776 (2007), the Supreme Court held that dash cam footage was so clear no reasonable jury could accept the plaintiff's version of events. Here, too, a review of the video confirms that even without sound or metadata, Officer Barron's actions were reasonable under the circumstances. Unlike the video at issue in *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013), which began after the altercation had started and was cluttered and confused by multiple, indistinguishable people, Officer Barron's dash cam footage clearly shows Collie moving away from the officers, with his

hands initially in his pockets before he raised and pointed them in the direction of Officer Flores.

An officer's use of deadly force is justified when the officer reasonably perceives an immediate threat of serious bodily harm or death to themselves or to others. *See Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks and citation omitted). Neither post-incident proof that Collie carried no weapon, nor the fact that Collie never directly pointed at Flores changes this analysis. Nor do the stop-action shots made by Collie's expert from the dash cam video change this analysis, because they give a false perspective on events that transpired in a few seconds. The district court properly focused on whether Officer Barron's actions were justified in the heat of the moment. *See Ramirez v. Knoulton*, 542 F.3d 124, 130 (5th Cir. 2008) ("The Fourth Amendment does not require police officers to wait until a suspect shoots to confirm that a serious threat of harm exists.") (quoting *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996)); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 278-79 (5th Cir. 2016) (finding no other issues were important in a case where an officer shot a combative, drunk suspect who was walking away because the suspect reached for his waistband; thus, the officer's decision to shoot was not a use of unreasonable or excessive deadly force.). The district court's determination that Officer Barron acted reasonably in light of the facts before him is well supported.

### B. Collie failed to show Officer Barron violated clearly established law.

Under the second prong of the qualified immunity analysis, Collie must show the law was clearly established, and to do this he was required to produce cases where the qualified immunity defense has failed under similar circumstances. *White v. Pauly*, 137 S. Ct. 548, 552 (2017). Collie fails to

address the Supreme Court's explicit directive in *Pauly* that although claims of excessive force do not require a case that is directly on point, the standard hugs the line closely by requiring a case "under similar circumstances." *Id.* Instead, Collie relies on *Graham v. Connor* for the general rule that an officer's actions must be objectively reasonable. He then contends that because he did not fit more complete descriptions of the suspects, did not point in the direction of Deputy Flores, and did not have a weapon in his hand, Officer Barron's claim to believe his partner's life was in danger should be given no more weight than Collie's own testimony.  We note that the summary judgment evidence does not show that the officers had received the height/weight/age descriptions of the suspects at the time they encountered Collie.  Collie's position also excludes the relevant facts that he was a shirtless black male on foot in the near vicinity of the robbery who encountered the officers in a dimly lit area and did not stop in response to their commands.  Accordingly, Collie's argument failed to discharge his legal burden to "find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)).  Indeed, the Supreme Court recently reiterated:  "Although this Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks and citation omitted).  The district court correctly pointed out this deficiency in Collie's argument.

## C. The district court did not abuse its discretion in denying Collie the right to take discovery.

Contending that the district court abused its discretion in denying him the opportunity to take discovery before it entered summary judgment, Collie decries that practice.  He fears it will furnish "rogue officers and poorly

managed police departments" a "virtual how-to booklet" to shield themselves from accountability. Collie asserts other Fort Worth Police officers had more information about the events that took place before Officer Barron shot Collie. Thus, discovery would have permitted him to prove Officer Barron either knew or should have known Collie did not fit the description of the robbery suspects and could not be the armed suspect.

As relevant here, the goals of qualified immunity counsel no more than a minimum of necessary discovery before the court determines whether the defense attaches: "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818, 102 S. Ct. at 2738. This court has previously recognized "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citation omitted). The Supreme Court has emphatically directed, "qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (internal quotation marks and citation omitted).

Collie's position fails in several ways – beginning with the fact that he failed to preserve this argument for appeal. Federal Rule of Civil Procedure 56(d) requires a non-movant to present affidavits and evidence if he feels he needs discovery to properly defend against a summary judgment motion. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 162 (5th Cir. 2006) ("[A] party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." (internal quotation marks and citation omitted)). Collie never sufficiently invoked Rule 56(d) in the trial court. Further, "[w]hen a defendant pleads the defense of qualified immunity, the district court may ban discovery at this threshold pleading stage and . . . need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue

as to the illegality of defendant's conduct at the time of the alleged acts." *Brown v. Manning*, 244 F.3d 133, at \*4 (5th Cir. 2000) (unpublished) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc)).   Here, the parties' competing evidence convinced the court that Collie could not overcome the defense of qualified immunity.   The court did not abuse its discretion or misapply the law when denying additional discovery.

For these reasons, the district court's judgment is **AFFIRMED**.